273 So.2d 735 (1972)
Frank P. MARTINEZ
v.
ALTO EMPLOYEES' TRUST and A. A. Harmon, Sr., as Trustee of Alto Employees' Trust.
No. 5078.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 1972.
Rehearing Denied March 13, 1973.
*736 Badeaux, Discon & Cumberland, J. Michael Cumberland, New Orleans, for plaintiff-appellant.
Roberts & Sanders, A. Russell Roberts and Kenneth L. Sanders, Metairie, for defendants-appellees.
Before SAMUEL, CHASEZ and LEMMON, JJ.
SAMUEL, Judge.
From January, 1956 through May, 1967 Frank P. Martinez was a continuous fulltime employee of Alto Trailer Sales, Inc. Like all others who had been in the employ of Alto Trailer Sales for more than one year, he was a member of Alto Employees' Trust. The trust, formed in July, 1959 and participated in by plaintiff since its inception, is noncontributory on the part of Alto Trailer Sales employees. According to its terms Alto Trailer Sales puts into the trust for the account of each participating employee an amount up to 15% of that employee's salary for each year. Once money is placed in the trust, the donation is irrevocable insofar as Alto Trailer Sales is concerned and can under no circumstances revert to the employer-company.
Subsequent to termination of his employment in June, 1967, Mr. Martinez demanded of Alto Employees' Trust that his accrued interest in the trust be immediately disbursed to him in a lump sum payment. At that time he was informed that, while the original provisions of the trust provided for such payment within 60 days of the end of the fiscal year in which employment terminated, the trust had been amended in 1965 to provide otherwise. This amendment now made it discretionary with the trustees to:
"direct that distribution to any Participant or his beneficiary shall be made in cash or in kind or in a combination of both and that such distribution shall be made in whole or in part:
(a) In a lump sum,
(b) In installments over a period of years, or
(c) In the form of an annuity contract providing for a monthly guaranteed life income for the life of the Participant, or for such other term or terms as shall be agreed upon between the Participant and the Trustees, or
(d) In such other form or manner as the Trustees may direct, after consultation with the Participant, or
(e) In any combination of the foregoing methods of distribution.
Distribution in kind shall be based upon the fair market value of the distributable property, as determined by the Trustees at the time of distribution.
4. The Trustees may, in cases other than disability or death, determine that any such distribution shall not be made or shall not commence until what would have been a Participant's normal retirement date: provided, further that the Trustees shall retain the power and discretion at any time to change the method or date of commencement of distribution, except that such distribution or the commencement thereof shall not in any event, be deferred beyond what would have been a Participant's normal retirement date."
Mr. Martinez, then 38 years of age, was told that, pursuant to the above quoted subsection 4, the trustees had decided he would have to wait until age 65, his "normal retirement date", to receive any monies due and owing to him by the trust. He then instituted this suit against Alto Employees' Trust and A. A. Harmon, Sr., in his capacity as trustee thereof, to obtain *737 immediate lump sum payment of his accrued interest in the trust. After trial there was judgment in favor of defendants, dismissing plaintiff's suit. Plaintiff has appealed.
In this court the appellant makes three assignments of error:
First, that his right to receive money from the trust had become vested prior to the 1965 amendment and that the terms of the original trust instrument governed payment as to him; and under the terms of the original trust instrument he would clearly be entitled to immediate payment of the sum which he seeks.
Secondly, that the 1965 amendment exceeded the scope of the powers retained by the settlor to amend the original instrument. Specifically the original trust provides that the power of amendment:
"10. . . . Shall under no circumstances include the right in any way or to any extent to revest or otherwise transfer any interests in or to the fund, or any income therefrom, to the Corporation; nor shall the power of amendment include the right in any way or to any extent to divest any participating employee of his proportionate interest in the fund. Neither shall such power of amendment be exercised in any way which would or could give to any participating employee any right or thing of exchangeable value in advance of the receipt of distributions in accordance with the terms provided therefor, and provided that no amendment shall ever operate to enable any part of the corpus or income or other assets of the fund to be used for or diverted to any purpose other than the exclusive benefit of participating employees of the corporation."
Under this assignment appellant contends his rights, which he argues are vested rights, have been substantially altered by the change of the time of payment and that those rights have been lessened considerably thereby.
Thirdly, even assuming the 1965 amendment is applicable to him, that the trustees of the Alto Employees' Trust abused their discretion in failing to make an immediate lump sum payment to him as per his demand.
A careful review of the record convinces us that we need rule on only one of appellant's assignments of error, the third, because we are of the opinion the judgment of the lower court must be reversed on the basis of that assignment alone.
The record is replete with evidence of the closeness of the connection between Alto Trailer Sales and Alto Employees' Trust. The trustees of the Employees' Trust are Mr. A. A. Harmon, Sr., and his two sons. Mr. Harmon is president of both the trust and Alto Trailer Sales; his sons are officers in both; and all three participate in the trust as beneficiaries. In addition, the monies of the trust corpus are, at least partially, invested by the trustees for the benefit of Alto Trailer Sales in that they are used to purchase notes and chattel mortgages obtained when customers purchase vehicles from that company. The record further establishes that audits and other accounting proceedings for the trust are performed by A. A. Harmon Company, Certified Public Accountants, a firm owned and controlled by the Harmons.
A trustee owes a great fiduciary duty to the beneficiary of the trust. LSA-R.S. 9:2082 provides: "A trustee shall administer the trust solely in the interest of the beneficiary." (Emphasis ours.) In the exercise of his discretionary powers a trustee must act not only reasonably, but with the highest good faith toward, and loyalty to, the beneficiary and in the latter's best interest.
In the instant matter the trustees have not lived up to this standard. Since the trust was amended in 1965, the record establishes that the trustees have made lump sum payments to various individuals when they severed connections with Alto *738 Trailer Sales. The question then arises why, since it was not a uniform policy on the part of the trustees to force beneficiaries to wait until age 65 for payment, the trustees decided to defer payment to the appellant.
The record establishes that appellant, having been a participant for almost 12 years, had the largest accrued amount in the trust of all the employees of Alto Trailer Sales. His interest at the time of his termination was $43,834.76. Pursuant to the terms of the trust he would be entitled to 75% of this amount or $32,870.07 since he terminated before having achieved 12 full years of employment, the other 25% reverting to the trust to be distributed proportionately to its other members.
In the course of his testimony, Mr. A. A. Harmon, Sr., was asked what considerations went into the decision not to grant immediate payment to appellant. Mr. Harmon testified in part as follows:
"A The Trust Agreement gives the trustees discretion of [sic] power, whether they pay or don't, or retain it until they're sixty-five or otherwise be eligible for it.
Q In some instances, you paid it and some instances you haven't?
A Right.
Q And we talked about this once before, and I put it to you: Is it, Mr. Harmon, correct to say that your consideration and your discretion is based upon whether or not the individual withdrawing is going to go into competition with the sales company?
A You asked me if I consider that, whether it's fair or not?
Q No, sir. In considering, as a trustee, whether or not in your discretion to make payment, it is not a fact that the prospect of the man going into competition with the sales company in what has motivated you to refuse to make payment until he is age sixty-five?
A Well, yes, sir, that certainly has a bearing.
Q Well, in Mr. Martinez's case, is that the reason you did it there?
A That would be my reason. Of course, you see, I only have one vote. There's three trustees, they're my sons, but they have an independent mind of their own.
Q And you don't know the reason they might have?
A I imagine they have the same reason, but I can't speak for them. They have to speak for themselves."
It is obvious to us that the largeness of appellant's interest coupled with the fact that Mr. Harmon felt appellant would be going into competiton with his company, Alto Trailer Sales, particularly the latter, spurred the trustees to refuse immediate payment because such payment would be detrimental to Alto Trailer Sales. Insofar as is shown by the record this appears to be the only reason for the refusal. The consideration for non-payment was therefore not what was in the best interest of the beneficiary, but rather what was best for Alto Trailer Sales.
Our law does not favor agreements not to compete; such agreements are considered contra bonos mores except insofar as they comply with the terms of LSA-R.S. 23:921. In this instance appellant had entered into no agreement to refrain from entering into a similar business upon his termination with Alto Trailer Sales. The trustees here cannot accomplish such an objective beneficial to Alto Trailer Sales by refusing to make immediate payment to the beneficiary to whom a specific fiduciary duty is owed.
Accordingly, the judgment of the lower court is reversed and judgment is rendered in favor of plaintiff, Frank P. Martinez, and against the defendants, Alto Employees' *739 Trust and A. A. Harmon, Sr., in his capacity as Trustee of Alto Employees' Trust, in the amount of $32,870.07, together with legal interest thereon from date of judicial demand until paid; all costs in both courts to be paid by the defendants.
Reversed and rendered.