## MacGregor v. Wall

*Barbin, Lauffer & O'Connell*, for plaintiff.
*Andrew L. Braunfeld*, for defendant.

WALSH, J., February 11, 1976 — Plaintiff brought this assumpsit action against his former employer and the trustee of its profit-sharing plan to recover the amount of his vested share in the plan. At issue was plaintiff's right to recover and the date or dates when payment, if any, was due. It was agreed among the parties that the first issue, the right of recovery, would be tried before a jury and that if plaintiff were successful, the second issue would be resolved by the court after further hearing. The jury awarded plaintiff the sum of $5,067.85, which is satisfactory to both sides.

Defendants contend that the trustees of the plan may exercise discretion in the method of payment as provided under article X of the plan as follows:

"1. The interest of each participant in the Trust Fund shall be paid to him or his beneficiaries, in the manner, at the time or times, as provided for in this Article X; . . .

"4. Upon termination of employment of a participant for any cause other than as provided in paragraphs 2 [Retirement or Total Disability] and 3 [Death] of this Article X, the Trustees upon the request of the Committee shall make payments from his segregated share to him, and if he subsequently

dies, make payment of any balance to his beneficiary or beneficiaries in one of the following methods, as the Committee in its sole discretion may determine, namely:

"(A) One lump sum payment . . .; or

"(B) Cash payments, in equal monthly, semi-annual or annual installments of not more than ten years; or

"(C) By the purchase of a single premium non-transferrable annuity contract for the participant in such amounts as may be purchased from his segregated share.

"5. In the event a participant is entitled to payments pursuant to sub-paragraph 4 of this Article X, the Committee, in its sole discretion shall have the right to defer payments on any of the above methods, until the employee reaches age sixty-five . . ."

Plaintiff acknowledges that the foregoing provisions are in effect, but he contends that he is entitled to immediate payment in full on the ground that the administrative committee and trustee exercised their discretion in bad faith. He points to the evidence that defendant trustee, William Wall, used the pension plan assets for his personal benefit and not for the benefit of the participants as the law requires. Plaintiff contends also that defendant violated the principle that profit-sharing plans are to be administered in a uniform and nondiscriminatory manner. He finds discrimination in the fact that other former employes have been paid their shares in full.

It has long been the law of this Commonwealth that a trustee must administer the trust solely in the interest of the beneficiary: Bolton v. Stillwagon, 410 Pa. 618, 190 A. 2d 105 (1963). When there is

more than one beneficiary of the trust, the trustee is under a duty, in administering the trust, to deal impartially with the several beneficiaries: Restatement 2d, Trusts, §170, §183. The trustee has the duty to act with good faith and loyalty to the trust and its beneficiaries.

This profit-sharing plan is intended by its creators to be considered a qualified plan under the United States Internal Revenue Code. Section 401* of the Internal Revenue Code of 1954 is replete with prohibitions against the existence of any discriminatory elements in such plans. In amendment section 401(a)(14), added September 2, 1974, discriminatory delay in benefit payments was cured by the provision that:

"A trust shall not constitute a qualified trust under this section unless the plan of which such trust is a part provides that, unless the participant otherwise elects, the payment of benefits under the plan to the participant will begin not later than the 60th day after the latest of the close of the plan year in which . . .

"(C) the participant terminates his service with the employer."

We do not consider the question of retroactivity of this amendment, but cite it only as evidence of the intent of the Congress to preclude any practice, tendency or temptation on the part of trustees of qualified plans unduly to delay payments of benefits to eligible participants.

Trustee in the instant case is the sole company shareholder, the sole company officer and the sole trustee and administrator of the profit-sharing plan. Discretion is not an unlimited power when

*26 U.S.C. §401(a), 68A Stat. 134.

conferred upon a trustee, but is a power that must be exercised in good faith and within the bounds of reasonable judgment: Siegal v. First Pennsylvania Banking and Trust Co., 201 F. Supp. 664 (E.D.Pa., 1961).

We, therefore, conclude that by reason of the trustee's having already exercised discretion with regard to his decision to distribute benefits to the other two beneficiaries as he did, he cannot now consistent with his duty to deal impartially and in good faith with the several beneficiaries, elect to make payment to the third beneficiary, in the same class, on different terms: Martinez v. Alto Employees' Trust, 273 So. 2d 735 (Ct. of Appeal, La., 1972).

## ORDER

And now, February 11, 1976, it is ordered that judgment be entered on the verdict.