PONDER, Judge.
Plaintiff has appealed from the trial court’s upholding of the action of the Board of Trustees of the Municipal Retirement System of Louisiana which denied retirement for total and permanent disability.
The issues are: the test to be applied for disability; the scope of duty owed to plaintiff and the reasonableness of the action of the Board of Trustees and the trial court.
We affirm.
Plaintiff, a police officer, was injured in the course and scope of his employment. An injury sustained to the same foot in earlier years made the condition worse. He was kept on the payroll for nine months but was discharged when he did not report for light duty, recommended by his treating physician. His application for disability was denied by the Board of Trustees. The trial court refused to reverse the decision of the board.
Plaintiff first contends that the Board employed a “gainful employment” rather than an “occupational” test under L.S.A.R.S. 33:7273.[1]
This statute requires a certificate from the medical board[2] that the applicant is “incapacitated from the further performance of duty,” likely to be permanent, and that the applicant should be retired.
The medical board has never issued this certificate, but plaintiff asserts he should be retired because he is unable to perform all the duties he was able to perform at the time of his accident. We reject that contention. We conclude that the disability retirement provisions were not intended as a second workmen’s compensation law.[3] Neither the statute nor the jurisprudence compels this interpretation. We find that the words “further performance of duty” to be reasonably subject to the interpretation that the applicant to be retired for disability must be unable to perform even the sedentary tasks of .a police organization.
Plaintiff next complains that the Board of Trustees and the trial court erred in its acceptance of some evidence over others. This is a question of the weight to be ascribed by the administrative board and the trial court; their actions should not be altered in the absence of manifest error, which we do not find.
We find without merit plaintiff’s contentions that the board of trustees has breached its duty to applicant. Beyond the very serious question of the applicability of LSA-R.S. 9:2082[4] and Martinez v. Alto *21 Employees’ Trust, (La.App. 4th Cir. 1973) 273 So.2d 735, we have found above that the Board of Trustees has acted in accordance with the statute and reasonably. The duty owed to the member of a retirement system certainly cannot be extended to the requirement that the Board act illegally or unreasonably.
The judgment is affirmed at appellant’s cost.
AFFIRMED.

. LSA-R.S. 33:7273
“Upon the application of a member or his employer, any member who has had at least ten years of creditable service may be retired by the board of trustees, not less than thirty and not more than ninety days next following the date of filing such application, on a disability retirement allowance, provided, that the medical board, after a medical examination, shall certify that he is mentally or physically incapacitated for the further performance of duty, that such incapacity is likely to be permanent, and that he should be retired. Acts 1954, No. 356, § 6(3).”

. LSA-R.S. 33:7316
“The board of trustees shall designate a medical board to be composed of three physicians not eligible to participate in the retirement system. If required, other physicians may be employed to report on special cases. The medical board shall arrange for and pass upon all medical examinations required under the provisions of this Chapter, and shall investigate all essential statements and certificates by or on behalf of a member in connection with an application for disability retirement, and shall report in writing to the board of trustees its conclusion and recommendations upon all the matters referred to it. Acts 1954, No. 356, § 7(12).”

. In Miller v. Board of Trustees of Police Pension Fund, 286 So.2d 788 (4th Cir.1974), writs refused, 290 So.2d 901 (La.1974), the Fourth Circuit came to the same conclusion about another retirement system.

. LSA-R.S. 9:2082
“A trustee shall administer the trust solely in the interest of the beneficiary.”