AUGUSTINE, Judge.
George R. Werner, a sergeant with the New Orleans Police Department instituted suit in the Civil District Court for the Parish of Orleans against the Board of Trustees of the Police Pension Fund of the City of New Orleans (“the Board”) seeking judicial review of its decision denying him a disability pension.
The Board rendered its decision on October 26, 1977. That decision was based on evidence presented at a hearing which was held on July 7 and July 12, 1977. In its reasons for decision the Board made several findings: (1) that George Werner was suffering from an injury; (2) that the applicant was not totally and permanently disabled from all forms of police work; (3) that Werner was capable of handling sedentary work, available within the police department at that time; and (4) that the applicant did not meet the burden of proving that he was entitled to a disability pension under the law.
Under the Administrative Procedure Act, Werner sought judicial review of the Board’s decision in Civil District Court for the City of New Orleans. The district court affirmed the Board’s decision, finding that the decision was “not manifestly erroneous in view of the reliable, probative and substantial evidence in the whole record, nor was the Board’s decision made upon unlawful procedure or affected by other *1253 errors of law.” Werner appeals from that judgment. We affirm.
Werner’s pension claim is based on a series of traffic accidents which occurred over the course of two years. The first accident took place on March 11, 1974, while he was returning home from Traffic Court. The second accident happened on December 3, 1974 when Sergeant Werner was on his way to work. The third accident took place on December 30, 1975, while the appellant was off duty. The record reveals that Werner received prolonged treatment for injuries sustained in those accidents. There was extensive testimony as to the effect and severity of those injuries particularly with regard to an injury to Werner’s inner ear, due to which he apparently suffers from spells of vertigo. There was also testimony which indicated that Werner was totally disabled or nearly so.
In his brief Werner makes five specifications of error. First, he claims that the board erred when it failed to find that the nature of his injuries rendered him totally disabled. Second, Werner asserts that the Board erred when it held that his injury did not occur in the discharge of duty and that the law mandates that those injuries have been sustained in that manner. The third and fourth specifications involve the availability to Werner of a sedentary job within the police department. Werner’s final specification of error is that he was deprived of his constitutional right to due process.
With regard to the Board’s finding that Werner was not totally disabled, in light of the deference we must give to the Board in matters of credibility, and despite the substantial evidence to the contrary, we cannot say that the Board’s decision was manifestly erroneous in view of the evidence on the whole record.[1] Buras v. Board of Trustees of Police Pension Fund Of the City of New Orleans, 367 So.2d 849 (La.1979).
To support the Board’s findings there was testimony that Werner functioned on limited duty after the first and second accidents and for a period of four months after the last accident; that no new medication was prescribed for him after the first accident; that his primary treating physician recommended that he return to work on a limited basis in March of 1976; that a friend of Werner’s, Ms. Grace Loyca-no, who sees him daily and has known him since the first accident occurred has seen him lose his balance due to his inner ear injury only twice during since that time; and finally, that Werner requested reassignment on July 16, 1976, “due to my present medical condition,” but applied for a pension only three days later, when there was no objective evidence that there was any change in circumstances between the 16th and the 19th of July. Thus we cannot *1254 conclude in view of the evidence on the whole record that the Board’s decision that Werner was not totally disabled was manifestly erroneous.
In Werner’s second specification of error he claims that the Board erred when it held that his injuries did not occur in the actual discharge of duty. In that specification the appellant also claims that the Board was wrong in asserting that it was necessary for Werner’s injuries to have been sustained in the discharge of duty before he would have become eligible for a disability pension under either of the applicable statutes.
While we agree that Sergeant Werner’s first accident may have occurred while in the active discharge of duty (the evidence on this point was scant at best), we do not believe that such a finding would necessarily entitle him to a pension under either of the applicable statutes. In its reasons for decision the Board held that under LSA-R.S. 33:2292[2] George Werner was not entitled to a pension because he had not become “permanently disabled so as to render his retirement from service necessary.” It was the Board’s considered opinion that Werner could continue to work in some sedentary capacity within the New Orleans Police Department, and therefore that his retirement from service was not necessary. Miller v. Board of Trustees of Police Pension Fund Of the City of New Orleans, 286 So.2d 788 (La.App. 4th Cir.1974).
The appellant goes on to claim, however, that LSA-R.S. 33:2292 and LSA-R.S. 33:2294(E) and (F)[3] should be read in pari materia. While we believe that 2294 does apply to officers who are not injured in the active discharge of duty, we do not agree that these articles should be read in pari materia. Even if they were to be read in this manner, 2294 still would not apply to this case because it requires that the applicant be “physically or mentally permanently disabled and incapacitated to perform his duties.” (emphasis added). And, as we have noted, the Board found that Sergeant Werner was capable of carrying out some sedentary duties as a police officer. Miller, supra.
The appellants third and fourth specifications of error assert that there was no evidence that a sedentary job within the police department was available and offered to Werner. We do not believe that it was the Board’s obligation to offer such a job to Sergeant Werner. It was the Board’s duty to determine whether Werner was disabled within the meaning of the *1255 applicable statutes such that either his retirement from service was necessary or he was incapacitated to perform his duties. The Board determined that retirement was not necessary and that Werner could work in a sedentary job. Sergeant Werner is correct that no evidence was offered to prove that such jobs are available within the police department. The Board, however, was under no duty to offer such evidence. Their only duty at that time was to determine whether Sergeant Werner was disabled and if so to what extent, in order to determine whether he could continue to function as a police officer. The Board performed its duty.
Werner’s fifth specification of error is that the Board failed to give Werner a fair hearing thus depriving him of his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and the La. Const, art. I, § 2. In ruling on this argument, we adopt the district court’s reasons for judgment.
The record does indicate that there was confusion and on occasion disorder during the two hearings. One of the reasons that chaos occurred stems from the fact that the Board had two legal representatives present who were allowed to inject themselves into the proceedings at any time without any restraint. It appears from the record that one of them was representing the Board, which is composed of laymen, and the other attorney was representing the New Orleans Police Department and possibly the Board also. Appellant’s attorney aggressively represented his client and was forceful throughout the record. Nevertheless, counsel for appellant was able to introduce all the testimony and evidence into the record necessary to adjudicate this claim.
Our law does not entitle litigants to a perfect hearing but only to a reasonable one.
Appellant’s claim that he did not receive a fair hearing is without merit.
In sum, we do not believe that the Board committed manifest error in finding that George Werner’s injury was not so disabling that he could not perform some types of police work and thus was not entitled to a disability pension under LSA-R.S. 33:2292. We also find that Werner was not entitled to a disability pension under LSA-R.S. 33:2294. In addition, we agree with the trial court that Werner received a fair hearing and was not deprived of due process.
For the foregoing reasons the decision of the district court is affirmed.
AFFIRMED.

. La. Const, art. 5 § 10(B) governs the scope of review of the appellate courts and states in part that, "Except as limited to questions of law by this constitution, or as provided by law in the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to law and facts.”
LSA-R.S. 49:964 covers the scope of judicial review of administrative proceedings. Section G of that statute states:
G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions
(2) In excess of the statutory authority of the agency
(3) Made upon unlawful procedure
(4) Affected by other error of law
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
R.S. 49:965 governs appeals of the district court decisions and states, "An aggrieved party may obtain a review of any final judgment of the district court by appeal to the appropriate circuit court of appeal. The appeal shall be taken as in other civil cases."

. 2292. Disability payments. If any officer, member, or employee of the police department, at any time, while in the active discharge of duty, becomes permanently disabled so as to render his retirement from service necessary, he shall be retired by a two-thirds vote of the members of the board and shall receive a sum not to exceed fifty per cent of his salary at the time of the permanent disability. This sum shall never be reduced from the amount awarded at retirement. The board may employ a doctor to assist, if necessary, in establishing the disability.

. 2294. Retirement of members having twenty years or more of service
... E. If any member of the police department shall become physically or mentally permanently disabled and incapacitated to perform his duties and such disability is not the direct result of a service incurred injury or illness, then, in that event, the board of trustees, by a majority vote of its members, shall determine whether or not such member shall be retired for disability ...
F. Should any member become disabled from injury incurred in the scope of employment and while in service he shall be paid a disability benefit to be determined by the board based on the extent of his disability but not to exceed fifty percent of his salary at the time he becomes disabled. Should such member become disabled from any cause, whether service connected or not, after ten years of creditable service he shall be entitled to a disability benefit to be determined by the board, based on the extent of his disability, but not to exceed fifty percent of his average annual salary for his highest five consecutive years, provided that monies received as overtime pay (whether voluntary or involuntary) court time pay and holiday pay shall be considered as salary for the purposes of this act.
The board shall require annual medical examination of disabled members and should the board determine that any member has recovered from his disability he shall be required to return to active duty and his disability payments shall cease.