452 So.2d 798 (1984)
Russell ALONGI
v.
DEPARTMENT OF POLICE.
No. CA-1568.
Court of Appeal of Louisiana, Fourth Circuit.
June 12, 1984.
*799 Alan B. Tusa, New Orleans, for plaintiffappellant.
Harold D. Marchand, Asst. City Atty., New Orleans, for defendant-appellee.
Before GARRISON, AUGUSTINE and BYRNES, JJ.
AUGUSTINE, Judge.
Appellant, Russell J. Alongi was dismissed from the New Orleans Police Department ("Police Department") on October 28, 1982. Alongi appealed his dismissal to the New Orleans Civil Service Commission ("Commission"). On January 31, 1983 a hearing was held before a Commission Hearing Examiner, and on June 6, 1983, the Commission affirmed that dismissal. Alongi appeals the Commission's decision. We reverse.
The record reveals that Alongi suffered from a serious illness, chronic ulcerative colitis. As a result of his sickness Alongi was able to work only two days in 1982. By a letter dated October 27, 1982 and signed by the Superintendant of Police, Henry M. Morris, Alongi was notified that he was being dropped from the rolls of the Police Department effective October 28, 1982. The only reason given for Alongi's dismissal was that the Police Departments' physician "has concluded that you will probably not be able to return to full duty in the future."
It is apparent, and the Commission noted in its decision, that the Police Department was unaware that six days prior to Alongi's dismissal he had undergone an operation which completely cured him of his ailment. All of the evidence presented at the hearing proves that Alongi is fully capable of functioning as a police officer at the present time.
On appeal Alongi raises three issues. Those issues are whether the Police Department complied with the Commission's rules concerning notification of dismissal and the right to reply in writing; whether the Police Department met its burden of proof; and whether Alongi was given a fair hearing.
First, Alongi claims that the Police Department failed to notify him that he had a right to reply in writing to the department's reasons for dismissal as required by Commission Rules 9 § 1.1 and 1.2[1]. Appellant is mistaken in this assertion. The record clearly reflects that Alongi was informed of that right by letter dated November 9, 1982 and signed by the Commission's Director of Personnel.
Appellant also contends that he did not receive a fair hearing. "Our law does not entitle litigants to a perfect hearing but only to a reasonable one." Werner v. Board of Trustees of the New Orleans Police Pension Fund of the City of New Orleans, 447 So.2d 1251 (La.App. 4th Cir. 1984). We see no evidence in the record that appellant's hearing was not conducted properly and in accord with the law. Appellant's claim that he did not receive a fair hearing is without merit.
*800 With regard to the appellant's contention that the Police Department failed to carry its burden of proof we note that in the instant matter the evidence was taken before a hearing examiner and the record thus compiled was filed with the Commission without comment or recommendation. Under these circumstances the standard of review by an appellate court is not unlike that of judicial review in other administrative matters: the question is whether the conclusion reached by the Commission is arbitrary, capricious, or characterized by abuse of discretion. LSA-R.S. 49:964 (G), (S). Merchant v. Department of Finance, 391 So.2d 587 (La.App. 4th Cir.1980).
We find a clear abuse of discretion in the present case. It is true that Officer Alongi had been absent from his duties for approximately one year, and that the Police Department did not clearly abuse its discretion in terminating himgiven what they thought they knew. The department did not know, however, that at the time of Officer Alongi's dismissal, the reason for terminating him no longer existed. Officer Alongi's operation completely cured him of the illness which had previously prevented his attendance at work, and the police surgeon's own testimony confirms that Alongi is as capable as any other officer to resume his police duties.
However reasonable the Department's error in dismissing Officer Alongi, it was error nonetheless and should have been corrected by the Commission. Failure to have done so was a clear abuse of discretion.
Therefore we reverse the Commission's ruling and order Alongi reinstated as a New Orleans Police Officer. This matter is remanded to the Commission for its determination as to whether the appellant is entitled to back wages.
For the foregoing reasons the judgment of the New Orleans Civil Service Commission is reversed and remanded.
REVERSED AND REMANDED.
NOTES
[1] MAINTAINING STANDARDS OF SERVICE.

1.1 When any regular employee in the classified service is unable or unwilling to perform the duties of his position in a satisfactory manner or has committed any act to the prejudice of the service, or has omitted to perform any act that it was his duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may extend to (1) removal from the service, (2) retirement, (3) reduction in pay to the next lower rate in the range for the class, (4) demotion to any position of a lower class that the employee is deemed by the appointing authority and the Director to be competent to fill, (5) suspension without pay not exceeding in the aggregate one hundred twenty (120) days in any period of twelve (12) consecutive calendar months, (6) fine. (as amended February 9, 1955 and August 9, 1979).
1.2 In every case of removal, suspension, reduction in pay, or fine of any employee in the classified service or of involuntary retirement or demotion of the employee, the appointing authority shall immediately furnish the employee and the Director a statement in writing of the reasons therefor. The Director shall notify the employee in writing at his last known address that he has a right to make a reply in writing, shall receive and consider the reply, and may make an investigation of the facts.