LOBRANO, Judge.
Sgt. Michael Hussey appeals the decision of the Civil Service Commission which upheld the disciplinary action imposed by the New Orleans Police Department.
The facts are as follows.[1] On March 8, 1985 at approximately 3:30 p.m., Hussey accompanied Officer John Ducos to a crawfish boil at Ducos’ home. The party lasted until 11:30 p.m. during which time Hussey consumed four to six beers.
At the party’s conclusion, Hussey borrowed a marked police car from Ducos in order to attend to personal business. He stated that he needed to speak with his estranged wife, a nurse at East Jefferson Hospital. After waiting 2lh hours for her to return home, Hussey went to a bar, met a female companion and had approximately one alcoholic beverage and a few sips of another. After leaving the bar, he and his companion went to get breakfast.
Once they finished breakfast, Hussey decided to return the car. He drove down Clearview, hit some railroad tracks near the intersection of Airline Highway, lost control of the car, and demolished the vehicle. A blood alcohol test, performed two hours after the accident, showed a blood alcohol level of .08.
On August 1, 1985, following an internal investigation of the matter, the New Orleans Police Department found Hussey in violation of Departmental Rule 2, paragraph 1 relative to adherence to the law (i.e. driving while intoxicated); Rule 4, paragraph 4 relative to neglect of duty (i.e. failing to properly care for vehicles) and Rule 7, paragraph 1 relative to use of department property (i.e. unauthorized use of a police vehicle). As a result, his conduct was held to be contrary to Rule IX of the Civil Service Commission and therefore he was suspended without pay and fined $9,766.80.
The Civil Service Commission upheld the Police Department’s disciplinary action.
Hussey appeals to this Court asserting that it was t*ror for the Civil Service Commission to conclude he was intoxicated and further that the fine imposed was an abuse of discretion.
The standard of review for this court on an appeal from a decision of the Civil Ser *1105 vice Commission with respect to the discipline of a police officer is whether the decision is arbitrary, capricious or characterized by an abuse of discretion. Alongi v. Department of Police, 452 So.2d 798 (La.App. 4th- Cir.1984).
The thrust of Hussey’s argument on the intoxication issue is that since his blood alcohol level was .08, less than the .10 required for a criminal conviction under R.S. 14:98, the Civil Service Commission was in error in its findings. We agree that a finding of .10 or greater blood alcohol content will result in a criminal conviction under R.S. 14:98, however we do not agree that that standard is applicable in this case. This is not a criminal prosecution, but a disciplinary proceeding. Furthermore, the Commission had before it other evidence upon which to reach its conclusion. Hus-sey’s own testimony about the alcohol he consumed prior to the accident, as well as evidence that a person’s blood alcohol level reduces by .015 every hour following drinking substantiates the Court’s findings. We cannot say that the Commission’s decision was arbitrary or capricious in this regard.
In addition, the record is clear that Hus-sey was off duty when the accident occurred, was using the vehicle without authorization, and was on personal business outside of Orleans Parish. Considering the entire record we find no error in the Commission’s findings upholding the Departmental violations.
Hussey also argues that the fine was improper. He relies on the holding of the Commission in Sterling Williams v. Department of Police, Civil Service Docket No. 2495. In that case the Civil Service Commission struck down a fine based on the appraised damages of a police vehicle. The Commission based its decision on three factors:
1. The fact that it was not shown that police officers are appraised that they are to pay for damages caused to vehicles insured by the City.
2. No mention was made of a prior bad driving record of the appellant.
3.A concern that police officers may become overly cautious in answering calls and pursuing their duties if held liable for damages to their city owned vehicles.
The instant case is clearly distinguishable from the Williams case in that Hussey was using a departmental vehicle for personal business, whereas Williams was on duty, responding to a call when the damages occurred. There is no overriding concern, which may hinder an officer’s performance, as expressed in Williams, that applies to an off-duty policeman on personal business.
Rule IX permits the imposition of a fine. The record reflects that the fine was based on the estimate of damages to the vehicle. Although Hussey urges for the first time in his brief that the fine exceeds the fair market value of the vehicle, the record contains no evidence of the vehicle’s value. We therefore have no basis to find that the imposition of the fine was an abuse of the appointing authority’s discretion.
AFFIRMED.

. The facts are derived from the testimony given before the Hearing Examiner, and Hussey's statement filed in the record.