LOBRANO, Judge.
Larry Leslie, (Leslie) an officer with the New Orleans Police Department, appeals a decision of the Civil Service Commission which affirmed his demotion from patrolman III to patrolman II and a ten day suspension. Leslie argues that the punishment is excessive.
On September 3, 1985 Leslie received a letter of discipline from the Superintendent of Police which charged him with conduct contrary to the standards prescribed by Rule IX of the Civil Service Commission. Specifically, the letter states:
“Between December 17, 1984 and March 28, 1985, you failed to deliver an original arrest warrant to N.C.I.C., failed to deliver evidence to Central Property and Evidence, failed to send a bulletin on a wanted subject and failed to complete and forward a supplemental report under NOPD Item No. K-12722-84.”
These omissions are all violations of specific New Orleans Police Department Policy.[1]
The record before the Commission consists of the testimony of Leslie and Sgt. Ronald McPherson.
McPherson testified that Leslie was in charge of an aggravated burglary case in November of 1984. In connection with a request from the Jefferson Parish Sheriff’s Office in February or March of 1985, McPherson discovered that he could not locate any information relative to the burglary Leslie investigated. Subsequent investigation by McPherson revealed that a photographic line up was conducted by Leslie, but the photographs were not turned over to Central Property and Evidence. The supplemental incident report was not filed, but was located in a cardboard box in Leslie’s garage. An arrest warrant was issued in the case, but was not delivered to N.C.I.C. Further the bulletin that is required in connection with the search warrant was not prepared, and delivered to the desk sergeant. McPherson testified that *159 all of these duties are the responsibility of the investigating officer.
Leslie admitted his neglect in not filing the supplemental report, and not filing the photographs with Central Property and Evidence. In defense of his neglect with respect to the arrest warrant and bulletin, he testified that he gave the arrest warrant and bulletin to his supervisor, Sgt. O’Neal to type. He assumed or thought that O’Neal would send them to N.C.I.C. and the desk sergeant. McPherson testified that he questioned O’Neal about this, and O’Neal stated .he remembered typing the warrant for Leslie, but gave it back to him for processing.[2]
In a Civil Service matter, the appellate courts have constitutional authority to review both law and facts. La. Const. Art. 10, Sec. 12. However, the standard of review is whether the decision of the Commission is arbitrary, capricious or characterized by an abuse of discretion. Alongi v. Department of Police, 452 So.2d 798 (La.App. 4th Cir.1984). The legal basis for any change in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.1978).
Legal cause has been defined by our Supreme Court in Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (La.1962) as follows:
Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service.” Id., 140 So.2d at 9.
There is no doubt the efficiency of the New Orleans Police Department was impaired by Leslie’s neglect. An alleged felon had been identified but there was no record of his being wanted. There was no evidence placed in Central Property and Evidence which could have been used in prosecuting the felon. As McPherson stated: "... without the arrest warrant being filed after he had obtained it, no one in the police department really knew that the subject was wanted.”
Accordingly, we find no error in the Commission’s ruling. The record substantiates the disciplinary actions taken in this matter.
AFFIRMED.

. Rule 4, paragraph 4(a) relative to Neglect of Duty; FSOP 61.5, relative to arrest warrants; FSOP 190.0 relative to Teletype Bulletins; FSOP 198.0 relative to Central Evidence and Property handling procedure; and FSOP 199.0 relative to handling police incident reports.

. O’Nesil did not testify before the Commission. McPherson’s hearsay testimony was not objected to.