362 So.2d 1190 (1978)
James A. HERBERT
v.
DEPARTMENT OF POLICE.
David C. HUBER
v.
DEPARTMENT OF POLICE.
Nos. 9280, 9281.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1978.
James Burnett Aime, New Orleans, for appellants.
Philip S. Brooks, City Atty., Michael A. Starks, Asst. City Atty., for appellee.
Before SAMUEL, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
These consolidated cases are on appeal from the Civil Service Commission of the City of New Orleans. The appellants, James Herbert and David Huber, members of the New Orleans Police Department, were dismissed from the N.O.P.D. effective November 29, 1976, as a result of numerous allegations of misconduct against them. Both appealed their dismissal to the Civil Service Commission and, upon their request, both cases were consolidated for trial because the allegations against both arose out of the same or similar incidents and events. After a hearing in front of a hearing examiner, the record was reviewed by the Commission, and the action of the Superintendent of Police in dismissing these officers was upheld.
Although numerous accusations were made against both Herbert and Huber, which were cited in the letter of dismissal from the Superintendent, clearly the most serious of these were the following:
(1) That Officer Herbert brutally beat Acosta Kittles while effecting an arrest, and that Officer Huber watched this brutality without trying to stop it:
(2) That Officer Herbert beat his former girlfriend and fiancee, Linda Long, and that Officer Huber was present during the beating and did nothing to stop it; and
(3) That Officer Herbert and Huber participated in the "blue flu" on Labor Day 1976, encouraging other officers to do so, and threatening other officers who did not so participate.
*1191 Other allegations include the following:
(1) That Officers Herbert and Huber used the police car assigned to Herbert for a social outing to Tangipahoa Parish;
(2) That they obtained employment as security guards at their apartment complex in return for rent-free accommodations without permission of the department; and
(3) That Huber authored an anonymous letter to the Department reporting a rule infraction by another officer. (This complaint was admitted by Huber.)
Aside from the serious substance of some of these complaints, they would constitute violations of various departmental regulations, as set forth in the Superintendent's letter of dismissal. Although technical or minor infractions of rules should not be the basis of dismissal from the police force, the cumulative effect of a variety of violations, when considered with more serious accusations, can hardly be ignored with regard to a determination as to whether dismissal from the police force should be upheld.
The facts of this case are, to a degree, somewhat confusing and unclear because of the conflicting nature of the testimony. Because of this, keeping in mind that the careers of two police officers are at stake here, the record of the Civil Service Commission inquiry was reviewed fully.
With regard to evaluating the testimony therein, however, two observations have to be made.
First, inasmuch as the hearings below were not criminal proceedings, the burden of proof as to the facts (although it clearly must be established by the appointing authority, La.Const. Art. 10, § 8(A) [1974]) need not be established beyond a reasonable doubtas appellants have suggested in their argument. That is the case with regard not only to any one of the incidents charged but it is also the case with regard to the accumulation of incidents charged, so that even if it be concludedfor the sake of argumentthat with regard to one or two of the incidents charged there is less than a preponderance of evidence, it is nevertheless possible to recognize the existence of sufficient evidence to support the remaining accumulated charges.
The second observation to be made, further with regard to the evaluation of evidence, is that the standards of appellate review of findings of fact in Civil Service Commission cases necessarily must be the same as those which exist with regard to cases arising in the trial courts. The reviewing court must give great weight to the factual conclusions of the trier of fact. Canter v. Koehring Co., 283 So.2d 716 (La. 1973).
With regard to the burden of proof as to the various allegations made against these officers, it suffices to say that our review of the record establishes that the appointing authority in this case has successfully carried that burden with regard to most, if not all, of the charges made. This being the case, it follows that it cannot be concluded that the trier of fact below has committed error.
In the absence of error, we conclude the dismissal of both appellants from the New Orleans Police Department must be upheld. Consequently, the judgment of the Commission, with regard to both appellants, is affirmed.