383 So.2d 810 (1980)
Glenn A. ARNOLD
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 10991.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1980.
Writ Refused June 6, 1980.
*811 David F. Craig, Jr., New Orleans, for plaintiff-appellee.
Michael A. Starks, Jerry M. Lankford, New Orleans, for defendant-appellant.
Before GULOTTA, GARRISON and HOOD[*], JJ.
GULOTTA, Judge.
The New Orleans Police Department appeals from a decision of the Civil Service Commission reversing the Police Department's dismissal of plaintiff from his job.[1] We affirm.
The basis for Officer Glenn A. Arnold's suspension and subsequent dismissal from the police department by the appointing authority was his role in a barroom brawl which took place in the early morning hours of April 30, 1978. On that date, he and two other off-duty police officers were playing pool in a bar when Officer Arnold heard the sound of breaking glass and went to the front of the bar to see what was happening. He discovered that another patron of the bar had kicked a hole in the lower part of the plate glass door on his way out. The patron, Terry Pittman, returned to the bar and became involved in an altercation with Officer Arnold, in which one of the other officers (James Gomez) and Pittman's two companions also joined. The fight progressed outside to the parking lot in front of the bar and progressed for some distance across the parking lot. Ultimately, Officer Debeau, the third policeman, was able to break up the fight and separate the parties. Pittman drove off with one of his friends, discovering, as he did so, that sometime in the course of the fight he had suffered a puncture wound to his left chest in the area of the heart.
As the Commission stated in its opinion, it is clear the appointing authority dismissed Officer Arnold in the belief he had stabbed Pittman in the course of the fight, and further that he failed to take an opportunity to withdraw from the fight at an appropriate point. The authority's belief was based on polygraph examinations taken by Pittman and Arnold.
The Commission concluded the appointing authority failed to carry its burden of proof *812 regarding the allegation that Officer Arnold stabbed Terry Pittman and that Officer Arnold chased Pittman for approximately 200 feet during the course of the altercation. The Commission concluded further that the testimony of the City's witnesses and its documentary evidence were insufficient to establish that Pittman was in fact stabbed by a knife or that Officer Arnold had stabbed the victim. The Commission refused to accept the results of the polygraph tests, commenting that Pittman never alleged he knew he was stabbed during the course of the fight, but rather only concluded he had been stabbed when he became aware of the wound after the fight was over. The Commission also stated that under the circumstances the results of the tests could not be relied on, regardless of their legal admissibility. Both parties, stated the Commission, were very drunk during the incident and neither was able to recall precise details; therefore, the Commission could not accept as reliable the polygraph tests based on the parties' recollection of events.
We cannot say the Commission erred in refusing to accept the results of the polygraph tests. In Manale v. Department of Police, 376 So.2d 607 (La.App. 4th Cir., 1979), we held that admissibility of polygraph test results is within the Commission's discretion and subject to guidelines. Here, as in Manale, we find no abuse of that discretion. As pointed out by the Commission, the reliability of the tests was questionable. Accordingly, we conclude the Commission did not err in not relying on the results of the polygraph examinations.
Excluding the results of the polygraph tests, the question remains whether the evidence in the record supports the appointing authority's action by a preponderance of the evidence. We agree with the Commission's conclusion that it does not. It is true that Arnold had in his possession a pocket knife, but the evidence does not clearly establish that Pittman was stabbed by a knife rather than cut by a shard of glass from the broken door. In fact, the doctor who treated Pittman in the hospital emergency room following the fight concluded that the wound was too irregular for a knife wound, and, although he found no glass particles or fragments in it, he indicated the wound could have been caused by a piece of broken glass. Moreover, Pittman could not say he experienced the stab wound during the fight, and there was no eye witness to a stabbing. Pittman simply concluded he had been stabbed when he discovered after the fight that he was bleeding and had a chest wound. The Commission concluded that there was sufficient evidence to indicate the wound was inflicted through other means not within Officer Arnold's control.
Although this Court has review of both law and facts in Civil Service cases, the standard of review is the same as that which exists in judicial review. We must give great weight to the factual conclusions of the trier of fact. Herbert v. Dept. of Police, 362 So.2d 1190 (La.App. 4th Cir. 1978). Considering the evidence in the record, and excluding the results of the polygraph examinations, we agree with the Civil Service Commission's finding that it was equally as possible that Pittman's wound was caused by the broken glass as by a possible knife stabbing. See Manale v. Department of Police, supra. Accordingly, we conclude the Commission was correct in determining that the appointing authority failed to show sufficient cause for Officer Arnold's dismissal.
Alternatively, the appointing authority argues the Commission's actions in reducing Arnold's dismissal to a 120-day suspension was an unwarranted usurpation of the duties and responsibilities of the Superintendent of Police. We disagree. In Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir., 1978), we stated, "The Commission does not have the authority to reduce a penalty except upon a determination that there is insufficient cause for the greater penalty." It is clear the Commission concluded here there was not sufficient cause to dismiss Officer Arnold, but also concluded Arnold had violated Articles 26 and 48 of the Rule for the Administration of the Department of Police, *813 (specifically the rules regulating personal conduct and consumption and possession of alcoholic beverages) and on that basis gave him the maximum suspension. This action was justified both on the evidence in the record and on the Commission's authority as enunciated in the Branighan case.
For the reasons above, therefore, we affirm the decision of the Civil Service Commission reducing Arnold's dismissal to a suspension of 120 days.
AFFIRMED.
NOTES
[*] Due to the death of Judge John T. Hood prior to rendition, but after his concurrence therein, this opinion is rendered unanimously by Gulotta and Garrison, JJ.
[1] A 120-day suspension of Glenn Arnold was imposed by the commission.