413 So.2d 520 (1982)
Dale BARNETT
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 12418.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Bach & Wasserman, Gerald Wasserman, New Orleans, for plaintiff-appellee.
Charles J. Willoughby, Asst. City Atty., New Orleans, for defendant-appellant.
Before GULOTTA, CIACCIO and LOBRANO, JJ.
GULOTTA, Judge.
The New Orleans Police Department appeals from the Civil Service Commission's action reducing the termination of Dale L. Barnett from the N.O.P.D. to a 120-day suspension. We affirm.
*521 Barnett's dismissal from his employment resulted from an incident on March 12, 1980 when a Slidell bank's glass door and teller machine were damaged by gunfire. The Superintendent of Police concluded that Barnett had been untruthful during a police investigation of the incident, had been "drinking", and, on apprehension by Slidell police after an automobile chase, had thrown the weapon "into the weeds" to avoid suspicion of involvement in the incident.
The factual background concerning the incident and the subsequent disciplinary action are accurately set forth in the Commission's well-written reasons accompanying its decision to set aside the order of dismissal and to impose a 120-day suspension. Those reasons are as follows:
"The incident which led to the Appellant's being disciplined can only be described as bizarre. The Appointing Authority has reached certain conclusions regarding the scenario based on circumstantial evidence. The Appellant tells a different story which on its own seems like a figment of his imagination, but which he supports by evidence provided by two others who testified on his behalf.
According to Officer Barnett, who resides in Slidell, on the morning of March 12, 1980 at about 3:12 a. m., he attempted to use an automatic teller machine at the First National Bank in Slidell. It rejected his card after he made several mistakes in dialing his ID Number. A recent acquaintance of Appellant's who was intoxicated took the Appellant's weapon which was between the front seats of Appellant's car and began to blaze away at the machine and the bank causing approximately $1,600 damage.
Appellant struggled with this person, "Mike," and wrestled the gun away, knocked him down, scooped up the spent cartridges and sped away. He was spotted by a Slidell police officer in the vicinity of the Bank and the officer gave pursuit having heard the shots and seeing no one else in the vicinity from which those shots were believed to have emanated except Appellant's vehicle.
After a short chase, of which appellant says he was unaware testifying he was only in a hurry to get to his home a short distance away, Appellant ran into a ditch. He then discovered someone was behind him and upon being told to get his hands up he dropped his weapon in the ditch. He told Sgt. Wyatt Williams of the Slidell police force whom he knew well that he didn't hear any gunshots and did not have a gun. He did not advise Sgt. Williams of the incident but only that he was headed home. Unaware of the previous activity, as well as the gun in the ditch, Sgt. Williams allowed the Appellant to continue on his journey.
The Department of Police dismissed the existence of Mike and concluded that the Appellant fired the shots. At the time that the Department reached its conclusions, it must be noted that evidence to support the Appellant's story was not made available.
Subsequent to the Department's investigation, the officer did some very artistic police work upon getting a break or lead from an off-hand meeting with one Dennis G. Sweeney, who testified in Appellant's behalf. The Appellant's other witness, Mrs. Bonnie Falcon, verified the identification (indeed existence) of "Mike" who really was Mike Roberson, Mr. Sweeney's former supervisor at Yellow Freight Line. The testimony of both of Appellant's witnesses was very creditable and worthy of belief. There was simply no reason for their coming forward other than to tell the truth. Based on their testimony it may be found as a fact that the Appellant was in the company of one Mike Roberson in the early morning hours of March 12, 1980, and that Roberson fired the weapon (with Appellant in the cross-fire) at the bank and thereby causing the damage.
On the other hand, Appellant was derelict in his duty as far as his encounter with Sgt. Williams is concerned. His conduct was inexcusable. As it is clear that the Department dismissed Officer Barnett on the belief that he had fired the shots into *522 the Bank, the Commission hereby reduces that discipline to a 120-day suspension. Appellant therefore is reinstated with back pay, if any, and other emoluments of office due him."
The testimony of Dennis G. Sweeney and Bonnie Lynn Falcon corroborated Barnett's testimony and the "bizare" happenings as found by the Commission. Sweeney's testimony gives credibility to Barnett's story regarding the missing person, "Mike". According to Sweeney, Mike, a former co-worker, called in sick on the morning of March 12, explaining that he had gotten into some trouble earlier. Sweeney stated that the following day Mike came to work with scratches on the side of his face and explained that he had been drinking and had fired some shots. Sweeney further testified that within three weeks to a month Mike sold his belongings, moved away, and had not been heard of since. This witness identified a photograph of an individual named Michael Roberson as the person referred to as "Mike". Bonnie Lynn Falcon, a bar patron, identified the photograph of Roberson as that of the same individual who had left with plaintiff in plaintiff's car shortly before the shooting incident.
Based on a conclusion that Barnett did not fire the weapon, the Commission found that there was insufficient cause for the termination. In such instances the Commission is vested with authority to reduce the penalty imposed by the appointing authority. See Arnold v. New Orleans Police Dept., 383 So.2d 810 (La.App. 4th Cir. 1980); Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir. 1978).
We find no error in the Commission's reduction of the penalty in this case. We, like the Commission, do not condone the conduct of Officer Barnett. Nevertheless, that conduct does not warrant dismissal in view of the factual findings of the Commission.[1]
Accordingly, we affirm the judgment of the Civil Service Commission.
AFFIRMED.
NOTES
[1] In a Civil Service case such as this one, great weight must be given to the factual conclusions of the trier of fact. Arnold v. New Orleans Police Dept., supra; Herbert v. Dept. of Police, 362 So.2d 1190 (La.App. 4th Cir. 1978).