426 So.2d 282 (1983)
John DANIEL
v.
DEPARTMENT OF POLICE.
No. CA-0046.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1983.
Rehearing Denied February 24, 1983.
*283 Sidney M. Bach, Gerald Wasserman, Bach & Wasserman, New Orleans, for plaintiff-appellee.
Charles J. Willoughby, Asst. City Atty., New Orleans, for defendant-appellant.
Before KLEES, BARRY and AUGUSTINE, JJ.
KLEES, Judge.
John Daniel, appellee, a police officer in the New Orleans Police Department, appellant (Department), was suspended on July 28, 1981 for violating departmental regulations pertaining to neglect of duty and filing false or inaccurate reports. While the above infractions were being investigated, Officer Daniel was charged with violating other departmental regulations, requiring additional investigation. On September 29, 1981, Officer Daniel was dismissed for, among other things, striking his superior and changing his place of residence in violation of departmental policy and the ordinance of the City of New Orleans pertaining to residency for City employees. Officer Daniel appealed to the Civil Service Commission from the above disciplinary actions. On May 10, 1982, the Commission reduced the disciplinary action to a ten (10) day suspension. Subsequent thereto, the Department of Police appealed to this Honorable Court.
The issues presented on appeal are:
Whether or not the Commission erred in reducing the imposed discipline from a dismissal to a ten (10) day suspension, and;
Whether or not the Commission erred in not finding that Officer Daniel's changing of his place of residence outside of Orleans Parish was cause for dismissal.
We find no error in the action taken by the Commission and affirm.
On July 27, 1981, Police Officer John Daniel responded to a call from Suzanne and Christopher Allen concerning an attack on their dog by a German Shepherd. Because their dog was injured in the incident, they were interested in determining the owner of the German Shepherd. Officer Daniel had broadcast over the radio a description of the German Shepherd and the persons seen with the dog, who were thought to be the owners. In the broadcast and in his police report of the incident, he indicated that a dog had committed an aggravated battery on another dog. After *284 several hours, the dog was located and taken to the SPCA and the owner contacted.
In connection with the broadcast and the report, Officer Daniel was the subject of an emergency suspension on July 28, 1981. The suspension was based on allegations that he acted in a manner unbecoming an officer, by neglect of duty and filing a false or inaccurate report.
An investigation of Officer Daniel was then conducted which resulted in his suspension for a period of sixty-nine (69) days from July 28, 1981 until October 4, 1981. His employment with the New Orleans Police Department was terminated effective October 5, 1981.
This investigation produced a finding by the Department that he had violated Departmental Rules and/or Procedures and Officer Daniel was disciplined for filing a false or inaccurate report; releasing confidential information; filing an improper evidence report; striking one of his supervisors; failing to report in a timely fashion for interviews in connection with the investigation; residing outside of Orleans Parish in violation of departmental regulation and municipal ordinance, and possessing a firearm while on suspension in violation of state law.
Officer Daniel's conduct, the Department found, constituted violations of various rules, procedure and laws.
In our review of the record of this matter, we are constrained to accept the findings and conclusions of the Civil Service Commission and quote in pertinent part:
"On July 27, 1981, Appellant responded to a call concerning one dog biting another dog and injuring him. According to testimony of the complaining parties, Mr. and Mrs. Christopher Allen, Appellant handled the call in a most professional manner and later located the offending dog and reported it to the complainants. Appellant evidently saw humor in the situation and prepared a humorous report and made a humorous radio transmission to the dispatcher concerning one dog commiting aggravated battery on another dog, with the offending dog being arrested. In the written report of arrest, the arrested party was listed as `Phideaux Doe'. Appellant's supervisors, Sargeant Scott and Captain Holman, immediately suspended him for this offense. Captain Holman stated that such emergency indefinite suspensions are given when `it is determined he is no longer willing or able to perform those duties incumbent upon him.' While we understand that the Police Department must be in a position to suspend officers immediately when accusations against them destroy their credibility or reputation as a Police Officer, we do not believe that this is such a case.
The second major allegation in this case involved an altercation between Captain Holman and Appellant on August 21, 1981. The scuffle happened when Appellant went to the First District Station to see Captain Holman about his indefinite suspension and his being prohibited from working at another job during the suspension period. Captain Holman responded that he did not wish to speak to the Appellant and Captain Holman testified that as the Appellant turned to leave, instead of leaving, he attempted to strike Captain Holman with his left fist. Captain Holman blocked this punch with his left elbow. Appellant testified that he asked to speak to Captain Holman and Appellant then raised his left hand to count with his right hand the number of times he had been in the First District Station. Captain Holman then grabbed his left hand and put it in an arm lock behind his back, then hand-cuffed him. No other persons were witnesses to the altercation.
Certain other infractions were alleged as justification for the disciplinary action. These included the humorous but improper evidence report concerning the `Ghost of John Daniel', a change of residency without permission from Orleans Parish to St. Bernard Parish, and failure or delayed reporting for interviews in connection with the investigation.

*285 With respect to the altercation with Captain Holman, we find that the City has not carried its burden of proof. Basically we have Captain Holman testifying one way, and the Appellant the opposite, with no other evidence that would allow us to make a determination as to whether or not Appellant was responsible for the altercation. One possible explanation of the whole matter is that Captain Holman misinterpreted Appellant's intention in raising his left hand to count. However, since it's a one-on-one situation, our only choice is to hold that the City of New Orleans did not carry the burden of proof. With respect to the false report concerning the dog-bite-dog case, we agree that humor has no place in the official reports of the Police Department in that it can only cause misunderstanding and inefficiency. Particularly considering that this is the second offense, we believe that for this, along with the other minor violations set forth above, that Appellant should be suspended for a period of ten days. We find that there is not sufficient cause to suspend him for any longer period.
Therefore, we hereby order him suspended for ten days, commencing July 28, 1981, and order him reinstated with back pay as of the completion of said ten-day period. His back pay entitlement shall be reduced only by any compensation earned by Appellant during such period."
The Commission is vested with the authority to reduce an excessive penalty where there is insufficient cause for the sanction imposed. Dale Barnett v. New Orleans Police Department, 413 So.2d 520 (La.App. 4th Cir.1982); Arnold v. New Orleans Police Department, 383 So.2d 810 (La. App. 4th Cir.1980); Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.1978). There has been no showing by the Department that the administrative decision appealed from reflects either manifest error, or abuse of discretionary powers, or is not supported by the facts presented of record at the hearing before the City Civil Service Commission.
Further, we find no merit in the Department's argument that Officer Daniel's changing his place of residence outside of Orleans Parish in violation of departmental regulations and municipal ordinance was sufficient cause for dismissal.
The appointing authority failed to show that Officer Daniel's residing outside of Orleans Parish has caused the Police Department to be less efficient or has impaired the Department's protection capabilities. Hence, Officer Daniel's dismissal for failure to comply with the ordinance requiring all city employees to live within the city limits was not cause as required by statute. White v. City of Winnfield Fire Department, 384 So.2d 471 (La.App. 2nd Cir.1980).
For the foregoing reasons, we affirm the Commission's ruling. All costs of this appeal are to be borne by appellant.
AFFIRMED.