435 So.2d 475 (1983)
Kathleen WERNER
v.
DEPARTMENT OF POLICE.
No. CA 0515.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1983.
Rehearing Denied August 23, 1983.
Avis Marie Russell, Deputy City Atty., Salvador Anzelmo, City Atty., New Orleans, for defendant-appellant.
Alan B. Tusa, New Orleans, for plaintiff-appellee.
Before GULOTTA, SCHOTT and CIACCIO, JJ.
SCHOTT, Judge.
This is an appeal by the Department of Police of the City of New Orleans from a decision of the City Civil Service Commission reinstating Kathleen Werner to membership in the department after she was dismissed for violating a city ordinance which required that all employees of the city "reside" in Orleans Parish; making false statements during the investigation of her residence; and failing to notify her commanding officer of a change of her address in violation of department regulations. *476 The Commission concluded that the department did not carry its burden of proof that Werner resided in Jefferson, and the issue in this court is whether the Commission erred in reaching this conclusion.
In August, 1981, Werner, who had been residing with her parents on Robin Hood Drive in New Orleans, purchased a house on Woodmere Boulevard in Harvey, Jefferson Parish. In September, her commanding officer, after receiving an anonymous tip that Werner had moved to Jefferson, initiated an investigation as to her residential status. In the act of sale by which Werner acquired the Jefferson Parish house she recited that she was domiciled and residing at the Jefferson Parish address and she obtained a homestead exemption on the Jefferson Parish property. These facts along with numerous bits of information tending to show that Werner's residence was either in Jefferson or Orleans Parish are discussed in detail in a comprehensive decision of the Commission.
Also in this decision, the Commission correctly refers to Louisiana cases in which the principle has been repeated that residence and domicile are not synonymous and that a person may have more than one residence even though only one domicile at the same time; for example, Fielding v. Casualty Reciprocal Exchange, 331 So.2d 186 (La.App. 3rd Cir.1976) Writ denied 334 So.2d 217; Brown v. Democratic Com., Court of App., Fourth Cir., 238 So.2d 48 (La.App. 4th Cir.1970) Writ denied 256 La. 761, 238 So.2d 531; Stavis v. Engler, 202 So.2d 672 (La.App. 4th Cir.1967). Significantly, the ordinance which Werner was charged with violating mandates simply that she reside in Orleans Parish. Under these decisions the ordinance was not violated if she maintained a residence in Orleans even though she may have added a residence in Jefferson. Her driver's license disclosed the Orleans address as her residence and she was registered to vote, had a telephone listing, and received her mail in Orleans Parish.
The department had the burden of proof before the Commission to prove that Werner no longer resided in Orleans Parish. La. Const. Article 10, § 8(A). The department sought to carry this burden by showing that Werner had purchased the house in Jefferson, obtained a homestead exemption on that property, and had her automobiles parked at the Jefferson Parish property on five nights when the property was visited by the investigator. On the other hand, Werner testified that she had the use of at least five automobiles, her boy friend used her own automobiles on many occasions, he occupied the Jefferson Parish property on occasions, and she admitted that she herself had stayed at the Jefferson Parish property on some occasions.
With respect to the application for the homestead exemption in Jefferson, she did not necessarily lose her New Orleans residence because of this action. She testified that she got some advice from the Jefferson Parish assessor that she could apply for the exemption as long as she did not rent the house to others and as long as she applied for no more than one exemption. The application for the exemption on the Jefferson Parish property did not necessarily deprive her of a New Orleans residence. In Stavis v. Engler, supra, the court held that a candidate for the House of Representatives could run from a district where he maintained an apartment above his place of business even though he held a homestead exemption on his family home located in another district. As to her statement in the act of sale that she was domiciled and residing in the Jefferson Parish house, this did not preclude her from simultaneously residing in the Orleans Parish house as required by the ordinance.
We agree with the Commission that when all of the facts are considered the city failed to prove that Werner was no longer residing in Orleans Parish. The Commission's decision is affirmed.[1]
AFFIRMED.
NOTES
[1] We have reached our conclusion based on the facts of this case without regard to Daniel v. Department of Police, 426 So.2d 282 (1983), by another panel of this court. This panel does not necessarily agree with the panel in the Daniel case that violation of the residence ordinance is not a sufficient basis for dismissal.

However, no en banc action is required considering the result we have reached based on the facts of the instant case.