GULOTTA, Judge.
Defendant appeals from the Civil Service Commission’s judgment setting aside Lee Peyton’s departmental termination and imposing a thirty day suspension. We affirm.
The basis for Officer Lee Peyton’s suspension and subsequent dismissal from the police department by the appointing authority was his role, while not in uniform and on sick leave, in striking Gregory Ko-gos on August 14, 1982.
On that date, Officer Peyton and his brother Timothy Peyton, while in a bar, became involved in a fight with two intoxicated individuals, Brian Donahue and Gregory Kogos, after Donahue made obscene and lewd comments to a female patron. Donahue’s conduct led to a scuffle outside the bar. The Peytons, who were not intoxicated, left and were followed by Donahue and Kogos.
The bar’s manager, Mark Woolridge[1] testified that he had Donahue pinned against the wall of the restaurant when Kogos ran towards the Peytons with his arms raised and fists semi-clenched. Ko-gos came within one foot of Officer Peyton, who struck Kogos, knocking him unconscious. Contrary to the report filed by the Office of Municipal Investigation (OMI), the Commission found that Timothy Pey-ton, not Officer Peyton, kicked Kogos while he was lying unconscious on the ground, and that someone threw a bottle at Officer Peyton. The Peytons then left the scene without calling medical assistance.
Officer Lee Peyton was terminated from his employment with NOPD effective December 20, 1982. NOPD’s December 16, 1982 letter notifying Peyton of his termination stated that while “sick”, he had “no authorization to be away from” his “place of confinement”, that Peyton’s actions were unjustified because Kogos made no threatening move towards him, and that Peyton failed to seek medical assistance for Kogos, all in violation of NOPD rules and also in violation of LSA-R.S. 14:35, the offense of simple battery.
The Civil Service Commission on August 1, 1983, reversed the appointing authority’s dismissal, and reinstated plaintiff after imposing a thirty day suspension from December 20, 1982 to January 20, 1983 for violation of sick leave, with back pay from January 20, 1983 to his reinstatement date.
The Commission concluded the appointing authority erred in finding Officer Pey-ton was not justified in striking Kogos whether in “self-defense or in defense of his brother”. Further, the Commission concluded that Officer Peyton had not inflicted further .injury on Kogos after striking the initial blow, and had been justified in leaving “a tense scene” because of the volatile atmosphere surrounding the incident and because he “knew or had a rea *1226 sonable belief that someone in a crowded bar ... would call medical assistance”.
Lastly, the Commission held that Officer Peyton had “negligently” violated NOPD’s rule governing sick leave because he had failed to “notify” his unit that he was leaving his home. The Commission further noted that while some disciplinary sanction was necessary, termination was too severe after giving much weight to the positive testimony of Officer Peyton’s superiors that he was an excellent officer and would be welcomed back on the force.
Appealing, the appointing authority argues the Commission’s decision, if allowed to stand, will set a “dangerous precedent” because the City Civil Service Commission has “recognized a lesser standard of conduct” for plain-clothed, commissioned officers. The appointing authority also claims no evidence exists that Officer Peyton was in fear of a personal attack from Kogos; and therefore, the blow was not in self defense. The appointing authority further points out that Officer Peyton failed to indicate that he was a police officer and, by his conduct, exacerbated the situation by failing to act as a peace maker. According to the appointing authority, there is no situation where the status of a commissioned police officer reverts back to that of a “private citizen”, and to hold otherwise would impair the efficiency of the Police Department.
The standard of review in Civil Service cases is the same as that of trial court judgments, with great weight accorded to the factual conclusions of the trier of fact. Arnold v. New Orleans Police Dept., 383 So.2d 810 (La.App. 4th Cir.1980), writ denied 385 So.2d 274 (La.1980) and Herbert v. Dept. of Police, 362 So.2d 1190 (La.App. 4th Cir.1978). Considering the evidence that Kogos, while intoxicated, approached the Peytons with-raised arms and clenched fists, we cannot say that the Commission erred in finding that Officer Pey-ton’s conduct was justified, whether in “self-defense or in defense of his brother”. We also agree that Officer Peyton’s actions and abuse of sick leave warranted a thirty day suspension, not termination. Accordingly, we find no error in the Commission’s reduction of the penalty in this case. See Arnold v. New Orleans Police Dept., supra.
In his brief and oral argument to this court, Officer Peyton has requested that NOPD’s rule governing sick leave be declared unconstitutional, and that the thirty day suspension imposed by the Commission for his violation of this rule be thereby removed. Because Peyton has neither independently appealed nor answered the City’s appeal of the Commission’s judgment, however, we cannot consider the merits of the constitutionality issue or his request for amendment of the decision. LSA-C.C.P. Art. 2133; Lentz v. Lentz, 411 So.2d 59 (La.App. 4th Cir.1981); Stafford v. Division of Administration, 407 So.2d 87 (La.App. 1st Cir.1981).
Accordingly, we affirm the judgment of the Civil Service Commission reinstating Officer Peyton with back pay after a thirty day suspension.
AFFIRMED.

. Woolridge was the only witness with first hand knowledge of the fight between Officer Peyton and Kogos which led to Peyton’s dismissal.