GULOTTA, Judge.
Sterling Williams, a New Orleans police officer, appeals the thirty day suspension imposed by the Civil Service Commission for his role, while on duty, in causing a “preventable” automobile accident. We affirm.
At approximately 4:30 p.m. on June 28, 1984, in response to an off duty officer’s call for assistance, Officer Williams was enroute to the 500 block of Alabo Street in *529 New Orleans. This call compelled an emergency response that required the use of both lights and sirens on the police vehicle. About nine blocks away from his destination, Williams turned his siren off, but left his lights on. As he approached the intersection of Alabo and Villere, he observed to his right a parked truck that partially obstructed his view of a stop sign. The officer slowed to about 25 mph, looked in both directions, and then pulled out into the intersection where he was struck on the right by another vehicle.
Williams was fined $8,718.00 (estimated value of the police vehicle) and ordered to attend a defensive driver’s course at the police academy on his own time. The Civil Service Commission reduced the fine to a 30 day suspension. In its decision, the Commission stated that the transcript of the hearing failed to indicate that police officers were apprised that they must pay for any damages to vehicles insured by the City or that Williams had a prior bad driving record. The Commission further noted a concern that police officers while in pursuit of their duty would become overly cautious in answering calls if they were held personally liable for damages to the City owned vehicles.
Appealing, plaintiff argues that the Civil Service Commission erred in assessing a 30 day penalty because the appointing authority had failed to carry its burden of proving that plaintiff shared a portion or all of the responsibility of the alleged accident. Williams contends that he was the only eyewitness to the accident and that he was broadsided by another vehicle while he was coming to a rolling stop. Williams contends his testimony stands unrebutted. We disagree.
The standard of review in Civil Service cases is the same as that of trial court judgments, with great weight accorded to the factual conclusions of the trier of fact. Peyton v. New Orleans Police Department, 451 So.2d 1224 (La.App. 4th Cir. 1984); Arnold v. New Orleans Police Department, 383 So.2d 810 (La.App. 4th Cir. 1980), writ denied 385 So.2d 274 (La.1980). Furthermore, the Civil Service Commission has the authority to reduce a penalty when there is insufficient cause to justify the greater penalty. See Barnett v. New Orleans Police Dept., 413 So.2d 520 (La.App. 4th Cir.1982); Arnold v. New Orleans Police Department, supra; Branighan v. Department of Police, 362 So.2d 1221 (La. App. 4th Cir.1978), writ denied 365 So.2d 247 (La.1978).
Considering the evidence that Williams, failed to yield to a stop sign, and with a partially obstructed view during daylight hours entered an intersection with no warning other than flashing lights, we cannot say that the Commission erred in finding him at fault. Likewise, taking into account that police officers were not apprised that they had to pay for damages to vehicles insured by the City and the “chilling effect” that such a penalty would have on them while in pursuit of their duties, we agree with the decision of the Commission to reduce the fine to a suspension.
Accordingly, we affirm the decision of the Civil Service Commission.
AFFIRMED.