FORET, Judge.
This is an action for judicial review of a decision rendered on July 31, 1984, by the Sulphur Municipal Fire and Police Civil Service Board, defendant, which upheld the discharge of plaintiff, Matthew T. Lewis. The sole issue before the Board was whether the action of the appointing authority in discharging Lewis as a firefighter with the City of Sulphur was or was not taken in good faith and for cause.
Plaintiff was fired on June 14, 1984, and the stated grounds for termination were: “misuse of paid sick leave” from May 15 through the 28th, 1984. After a hearing on July 31, 1984, the Board approved the appointing authority’s decision to discharge plaintiff.
Plaintiff appealed from the Board’s decision. The trial court’s review of the decision of the Civil Service Board is limited to a determination of whether it was made in good faith and for cause. LSA-R.S. 33:2501 E.(3). The action of the Board must be upheld if there is any evidence to support it, and it will not be overturned unless it is manifestly erroneous or arbitrary and capricious. Linton v. Bossier City Municipal Fire & Police Civil Service Board, 428 So.2d 515 (La.App. 2 Cir. 1983).
FACTS
Plaintiff, Matthew T. Lewis, received written notice of discharge dated June 14, 1984, stating that he was terminated because of misuse of paid sick leave. The notice stated that plaintiff claimed and took sick leave from May 15, 1984, through May 28, 1984, to which he was not entitled.
Plaintiff requested a public meeting pursuant to LSA-R.S. 33:2501. That meeting, before the Sulphur Municipal Fire & Police Civil Service Board, was held on July 31, 1984.
Dr. Harper Willis, a psychiatrist, testified on behalf of plaintiff. Plaintiff was referred to Dr. Willis by Dr. Byrd, who was treating plaintiff for abdominal pains. On May 15, 1984, Dr. Willis concluded that plaintiff had a peptic ulcer and was unable to work. Dr. Willis issued two medical disability certificates for a two-week period, May 15-28, 1984.
Assistant Fire Chief Nix testified that he believed plaintiff took sick leave because plaintiff had recently been transferred to working with an employee with whom he had a personality conflict. Nix testified that plaintiff had previously faked a disability claim. Nix additionally testified that plaintiff never gave him the disability slips as required by the regulations. Furthermore, Nix stated that it came to his attention that during plaintiff’s sick leave, plaintiff was out fishing, in violation of the regulations regarding disability. Pursuant to such evidence, the Civil Service Board ruled that defendant was reasonable and in good faith in firing plaintiff.
Plaintiff contends that the Board’s action was not supported by sufficient evidence and that the Board abused its discretion. Plaintiff also urges in brief that the allegedly violated regulation is unconstitutional because it bears no rational relation to a legitimate government interest.
The trial court ruled that the Civil Service Board was correct and that the particular regulation in question is constitutional. The court below found that the Board was justified in finding that plaintiff was termi *1165 nated in good faith and for causé by the City of Sulphur Fire Department.[1]
The pertinent portions of the statute (R.S. 33:2500) and regulation relied upon by the Civil Service Board state:
“§ 2500. Corrective and disciplinary action for maintaining standards of service
A. The tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior. However, the appointing authority may remove any employee from the service, or take such disciplinary action as the circumstances warrant in the manner provided below for any one of the following reasons:
[[Image here]]
(3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.
[[Image here]]
(14) The willful violation of any provision of this Part or of any rule, regulation, or order hereunder.
(15) Any other act or failure to act which the board deems sufficient to show the offender to be an unsuitable or unfit person to be employed in the respective service.”
Regulation Section III N of the Sulphur Municipal Fire & Police Civil Service Board provides:
“Regulation Section III N: states:
Any fireman taking off sick will go to the doctor the first day and bring the chief an excuse from the doctor stating the nature of his illness and what day he must return to the doctor. To return to work, all fireman must have a release from the doctor. All fireman confined to home will be checked on by the chief; and if not at home he must be at the doctor’s office or in the hospital. Any fireman who does not require being confined to his home or the hospital must report to the chief for restricted duties daily.”
The standard of appellate review in Civil Service cases is that which exists in judicial reviews: the court of appeals reviews both law and facts, but must give great weight to factual conclusions of the trier of fact. LSA-R.S. 33:2501; Dumez v. Houma Municipal Fire & Police Civil Service Board, 408 So.2d 403 (La.App. 1 Cir.1981). As an intermediate appellate court, we must look only to the evidence presented to the Municipal Civil Service Board and review such evidence in light of a presumption that the Board found the facts sufficient to afford a legal basis for its decision. Id. The Civil Service Board’s decision will not be overturned unless the record clearly establishes that the Municipal Civil Service Board acted arbitrarily or discriminatorily in sustaining the dismissal of a permanent employee so as to abuse its discretion. Id.
The City of Sulphur must adequately investigate any alleged misconduct and carry its burden of proof by a preponderance of the evidence. City of Kenner v. Wool, 433 So.2d 785 (La.App. 5 Cir.1983). The City of Sulphur failed to present any concrete evidence of any wrongdoing on the part of appellant. The reason given for the dismissal was a violation of Regulation Section III N; that Lewis was fishing rather than in the hospital or home in bed during paid sick leave. Assistant Chief Nix testified at the Board hearing that he checked on Lewis during the period which he was supposedly disabled and discovered that rather than being at the doctor’s office or at home as required by the rules and regulations, he was fishing. However, in brief, appellant notes that Nix stated that he gleaned this information from a third party. Nix did not state that he, himself, actually saw Lewis fishing. Consequently, this hearsay evidence is not reliable and certainly not competent for the Civil Ser *1166 vice Board to use as the sole basis for justifying the dismissal. Appellant flatly denies fishing while on sick leave.
The City presented evidence that Lewis had a prior falsified claim and that he was unhappy with co-employees with whom he had a personality conflict. This testimony appears to be irrelevant to the issue at hand.
We are of the opinion that the City did not meet its burden of proving by a preponderance of the evidence that Lewis violated any regulation. For example, the City , failed to present evidence necessary to establish a charge that Lewis did not remain in his place of confinement. The type of evidence necessary to establish such a charge would be testimony indicating the date(s) on which Lewis left his place of confinement, the duration of the time that he was gone, where he went, and why he went there (i.e., he did not go to obtain meals, medicine, visit a physician, hospital, or clinic). Cittadino v. Dept. of Police, 434 So.2d 164 (La.App. 4 Cir.1983). We find it abundantly clear that the City did not meet its burden of proving by a preponderance of the evidence that Lewis violated the regulation in question.
The record reflects that Lewis presented medical evidence via Dr. Willis. Dr. Willis stated that Lewis was genuinely disabled as a result of a peptic ulcer and was unable to work. The medical certificates clearly show that Lewis had not been released to go back to work, and, in fact, he was instructed by his physician not to return to work.
In addition to basing its decision on insufficient evidence, the Board and the trial court have committed an abuse of discretion and manifest error in finding that Lewis was terminated for good cause by the City of Sulphur Fire Department. Several cases will serve to illustrate our point. For example, in Cittadino v. Department of Police, supra, a New Orleans city policeman appealed a decision of the City’s civil service commission upholding the action of the Department of Police dismissing him from the police force. Cittadi-no was accused of violating a regulation almost identical to that which Lewis has been accused of violating. Cittadino admitted that he violated the provision of sick leave by holding a position as a security guard at UNO during the period when he was supposed to be on sick leave. The court found that Cittadino’s dismissal was “so grotesquely unreasonable as to constitute capricious action.”
In Alongi v. Department of Police, 452 So.2d 798 (La.App. 4 Cir.1984), Alongi appealed a decision of the Civil Service Commission affirming his dismissal from the police department. Alongi had been absent from his duties as a police officer for approximately one year due to chronic ulcera-tive colitis which prevented his attendance at work. The basis of the officer’s termination was that the Department was sure he would be unable to return to work. However, the court held that the Board abused its discretion in upholding the termination. The court reversed the Commission’s finding and ordered Alongi reinstated. The matter was remanded to the Commission for its determination as to whether Alongi was entitled to back wages.
In Peyton v. New Orleans Police Department, 451 So.2d 1224 (La.App. 4 Cir. 1984), a police officer who went to a bar while he was on sick leave, became involved in a fight, knocking unconscious an individual, and leaving the scene without calling medical assistance, was merely suspended for thirty days — not terminated. In Bruno v. Department of Police, 451 So.2d 1082 (La.App. 4 Cir.1983), writ granted, 457 So2d 1184 (La.1984); affirmed, 462 So.2d 139 (La.1985); U.S. cert. denied, — U.S. -, *06 S.Ct. 39, 88 L.Ed.2d 32 (1985), the court found that there was good cause for the dismissal of a police officer who committed fifteen separate violations of sick leave policy. Comparing Lewis’ case with those cited above, we note that Lewis did not brazenly admit to violating sick leave policy as did the appellant in Cittadino; he was not absent from the job for a period of one year as was the appel *1167 lant in Alongi; he did not go to a bar while on sick leave and become involved in a fight as in Peyton; and he did not commit fifteen separate violations of sick leave policy as the appellant did in Bruno.
After reviewing the jurisprudence, it is clear to us that the City of Sulphur did not have good cause to terminate Lewis. Consequently, the Civil Service Board erred in upholding the decision of the City of Sul-phur Fire Department in terminating Lewis.
Aside from the above discussed reasons, the trial court specifically held that Lewis failed to comply with regulations by failing to present a medical certificate to the Chief. The trial court stated that Lewis was not disabled and that tacking a medical certificate up on a door in the fire station was not compliance with the rule that the medical certificate be brought to the Chief. The court went on to say that this action “very well could be interpreted as a deliberately insulting and provocative refusal to comply.” We believe that the trial court’s finding is unsupported by the record, was not presented as a reason for Lewis’ dismissal by the City, and furthermore, is speculation which is irrelevant to Lewis’ termination. Furthermore, it is noted that the Board did not find that tacking the medical certificate up on a door in the fire station constituted a deliberate insult and provocative refusal to comply.
Appellant additionally argues that Regulation III N of the Sulphur Fire Department is unconstitutional. This regulation prohibits a fireman on sick leave from ever leaving his home except to report to work or for medical care. The trial court held that this regulation is reasonably related to the governmental objective of maintaining public confidence in city government and in maintaining maximum efficiency of city employees. Because of our decision in this case, we need not reach this constitutionality issue.
In summary, we find a clear abuse of discretion in the present case. We believe that the appointing authority erred in dismissing Lewis, and that such an error should have been corrected by the Board. Failure to have done so was a clear abuse of discretion.
DECREE
For the foregoing reasons, the findings of the Sulphur Municipal Fire & Police Civil Service Board are reversed, the judgment of the trial court affirming same is hereby reversed, vacated, and set aside; and,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Matthew T. Lewis be reinstated to his former position with the Sulphur Fire Department, City of Sulphur, Calcasieu Parish, Louisiana;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Matthew T. Lewis is entitled to full back wages and benefits according to law from the date of his termination.
All costs of this appeal and in the trial court are assessed against the Sulphur Municipal Fire & Police Civil Service Board.
REVERSED AND RENDERED.
APPENDIX I
REASONS FOR JUDGMENT OF THE SULPHUR MUNICIPAL FIRE & POLICE CIVIL SERVICE BOARD
“The evidence adduced by the Board clearly shows that Mr. Lewis violated the rules and regulations of the Sulphur Fire Department, specifically, Section III, N, in that he was fishing when he should have been at home, the doctor’s office or reported to the fire chief for restricted duties. The Board is also not convinced, based on the evidence, that the appointing authority was wrong in determining that Mr. Lewis was not disabled during the May 15 to May 28 period.
The interests of the City, in having and enforcing such a rule or that of Section III, N is obvious. The City has an obligation to maximize the efficiency of its work force in relation to expenditures for that workforce within the limits of safety and humanity as well as an obligation to *1168 maintain confidence in the administration of the City and avoid the appearance to the taxpayers of abuse of sick leave by city workers that would be created by workers pursuing recreational activities while supposedly disabled and drawing sick leave. Timmons vs. Municipal Fire and Police Civil Bd. of City of Bogalusa, 395 So.2d 1372 (La.App. 1st Cir.1981).
Apparently, Mr. Lewis was not restricted by a physical condition from returning to work, but according to Dr. Willis, was allegedly prevented from working by a mental condition, anxiety, which Dr. Willis judged to be disabling because he was afraid Mr. Lewis would make mistakes on his job. During the period that Mr. Lewis was allegedly disabled, however, Mr. Lewis apparently did not feel himself to be disabled from fishing and pursuing other personal activities, either physically or mentally. Certainly, there were duties which Mr. Lewis could have performed with the fire department which, even if a mistake were made, would not be crucial and would not intensify his feelings of stress and anxiety. It is not clear that Dr. Willis was aware of Mr. Lewis’ regular duties with the fire department or the possibility of other duties to which Mr. Lewis could have been assigned with the fire department.
The Board is also impressed with the fact that this disability occurred immediately after Mr. Lewis was assigned to duty to which he had objected. Mr. Lewis further confirmed this in stating that his problem stemmed from relationships with individuals with whom he worked. This is somewhat in conflict with Dr. Willis’s statement that his problem was that Mr. Lewis was a workaholic and a perfectionist who had worked himself up into a state of anxiety. Obviously, Dr. Willis’ diagnosis was a subjective one made on the basis of information that was substantially related to him by Mr. Lewis.
The facts presented also indicate that attempts were made to talk with Dr. Willis to clarify the extent of Mr. Lewis’s disability, but Dr. Willis refused these attempts.
Therefore, the Board finds that the action taken against the employee by the appointing authority was reasonable and was made in good faith for statutory cause.”

. The reasons for judgment assigned by the Civil Service Board are contained in Appendix I attached hereto.