FORET, Judge.
This is an appeal from a judgment of the district court which overruled a decision by the Municipal Fire & Police Civil Service Board (Board) which resulted in the termination of an employee. Charles Norman, defendant-appellee, was employed by the City of St. Martinville Police Department (City), plaintiff-appellant herein, prior to his termination. Upon termination, Norman appealed the decision of the City to the Board. Initially, the Board rendered an opinion concluding that the City’s sanctions were too harsh and suspended Norman for sixty days without pay rather than terminating him.
The City appealed the Board’s decision to the district court. After a hearing on June 21, 1988, the district court remanded the case to the Board for reconsideration as to one act of misconduct: specifically, Norman’s failure to identify the person who tampered with Norman’s electric meter. Upon reconsideration, the Board terminated Norman’s employment. Norman again appealed. On this appeal, the district court determined that the Board had abused its discretion. The district court reversed Norman’s termination and reduced his sanction to one year without pay. Subsequently, the district court granted a motion by the City for rehearing. Upon rehearing, the district court amended the judgment, ultimately ordering that Norman be suspended without pay for ninety days and reduced one rank in class and pay. The City appeals this decision of the district court. We reverse the judgment of the district court and reinstate the decision of the Civil Service Board terminating Norman.
FACTS
Charles Norman was hired as a police officer for the City of St. Martinville on August 3, 1982. He occupied this position until May 20,1987, when he was relieved of his duties. The basis of this action against Norman is twofold. First, Norman had been arrested on a charge of theft of utilities in violation of the Code of Ordinances of the City of St. Martinville. Additionally, Norman allegedly falsified an evidence form and exchanged possible evidence relevant to an ongoing criminal investigation.
The City Council of St. Martinville dismissed Norman on June 22,1987. Norman *832 appealed this action. On September 23, 1987, a public hearing was held on Norman’s appeal. On October 5, 1987, the Civil Service Board rendered its decision on Norman’s appeal, concluding that the City had failed to prove by a preponderance of the evidence that Norman had committed any theft of utilities. Thus, the Board concluded that the City did not act in good faith and with cause in dismissing Norman on this basis. However, the Board did find that Norman had mishandled evidence. While the Board felt that the action of the City was in good faith and for cause with regard to this latter violation, the Board found that termination under the circumstances was overly harsh. Therefore, the disciplinary action of the City in terminating Norman was reversed and Norman was suspended for a period of sixty days without pay, effective May 20, 1987.
After the action of the Board, the City appealed the decision of October 5, 1987 to the Sixteenth Judicial District Court in and for the Parish of St. Martin.
The district court agreed with the Board that the violation surrounding the falsification of the evidence form and a subsequent exchange of evidence amounted to misconduct. The district court also found that the suspension of sixty days without pay was an appropriate punishment for this misconduct and was supported by the evidence. Additionally, as to the alleged theft of utilities, the district court concluded that the Board’s finding, to the effect that the tampering with the utility meter was not done by Norman, was correct and in accordance with the evidence adduced at the hearing.
However, the district court concluded that Norman was guilty of misconduct in refusing to disclose the identity of the person or persons who were involved in the reconnection of the utility meter, and that the Board had not addressed this issue. Accordingly, the case was remanded to the Board for the imposition of sanctions against Norman for his failure to disclose his knowledge as to the theft of utilities.
On remand, and after reconsideration of the matter in its entirety, the Board took the position that Norman’s misconduct was severe and warranted the imposition of harsh disciplinary action. It affirmed the original action of the City of St. Martin-ville, resulting in Norman’s termination from his employment.
ISSUE
The sole issue before this Court is whether the trial court was correct in finding that the Civil Service Board abused its discretion in terminating Norman.
Pursuant to La.R.S. 33:2561, the standard of review by the district court of a determination by the Civil Service Board “shall be confined to the determination of whether the decision by the board was made in good faith for cause.”
Tweedel v. Fire Protection Dist. No. 1, 546 So.2d 654, (La.App. 3 Cir.1989), at pp. 655, 656, defined “in good faith for cause” as follows:
“ ‘In good faith’ has been interpreted to mean the opposite of arbitrary or capricious action or action that stems from prejudice or political expediency on the part of the appointing authority. ‘Cause’ means legal cause and the evidence must show that the dismissal was necessary for the discipline and efficiency of the service or that it was needed to avoid some detriment to that department or to the city. LSA-R.S. 33:2561:
No evidence was presented nor does Norman contend that the Board did not reach its decision in good faith. Therefore, we need only determine whether the decision of the Board was made for cause.
“As an intermediate appellate court, we look only to the evidence presented to the Board and we review such evidence in the light of the presumption that the Board found facts sufficient to afford a legal basis for its decision. Unless the record establishes that the Board acted arbitrarily or discriminatorily so as to abuse its discretion, the Board’s decision, including as to the severity of the discipline, will not be overturned. McIntosh v. Monroe Municipal Fire and Police Civil Service Board, 389 So.2d 410 (La. *833 App. 2 Cir.1980), writ denied, 395 So.2d 1363 (La.1981).”
Dumez v. Houma Mun. Fire & Police Civil Serv. Bd., 408 So.2d 403, 406, 407 (La.App. 1 Cir. 1981); see also Lewis v. Sulphur Fire & Pol. Civ. Serv. Bd., 502 So.2d 1162, 1165 (La.App. 3 Cir.1987), writ denied, 506 So.2d 113 (La.1987).
Under this analysis, we find that the district court erred in determining that the Board had abused its discretion in terminating Norman. The charges which were brought against Norman were proven, and the Board’s decision that such misconduct was severe enough to warrant dismissal was supported by the evidence.
Norman falsified an evidence form and subsequently exchanged evidence. Additionally, Norman could have been criminally charged with being a principal to the crime of theft of utilities, or being an accessory after the fact to the theft of utilities, or malfeasance in office. The evidence established that Norman’s electric meter was disconnected by the City authorities and later reconnected without authority. Although the Board found that the tampering of the utility meter was not done by Norman, he refused to disclose the identity of the person or persons who were involved when questioned at a formal City Council meeting and again when questioned by Jerry Curry, Chief of Police, immediately after his arrest. Essentially, there was a criminal offense committed against the City and Norman concealed the name of the City employee he knew committed the offense, despite his oath of office and attendant duty as a police officer.
The Board correctly found that such misconduct was severe and warranted the imposition of harsh disciplinary action. Therefore, the punishment imposed was appropriate, and we do not find that the Board acted arbitrarily so as to abuse its discretion.
Accordingly, for the reasons assigned, the district court judgment is reversed and the decision of the Board terminating Norman is upheld. Costs of this appeal and at the trial level are assessed to defendant-ap-pellee, Charles Norman.
REVERSED.